UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUFINA ESPINOSA,

                        Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

**OPINION AND ORDER**
13 Civ. 5456 (ER)

RAMOS, D.J.:

Before the Court is the Report and Recommendation ("R&R") dated October 16, 2014 of Magistrate Judge James L. Cott, to whom this matter was referred for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying the application of Plaintiff Rufina Espinosa ("Plaintiff") for Supplemental Security Income ("SSI") benefits. In the R&R, Judge Cott recommends that the Commissioner's motion for judgment on the pleadings be granted. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

**I.     BACKGROUND**

On September 17, 2010, Plaintiff filed an application for SSI benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*. R&R (Doc. 21) at 1. The Social Security Administration ("SSA") denied her application on October 19, 2010. *Id*. at 2. Following Plaintiff's timely request for review of the denial, a hearing was held before Administrative Law Judge ("ALJ") Kenneth L. Scheer. *Id.* In a written decision dated March 22, 2012, ALJ Scheer confirmed the denial, finding that Espinosa "had engaged in substantial gainful activity during the period in which she alleged a disability." *Id.* Plaintiff subsequently

requested and was denied review by the SSA's Appeals Council, at which time the ALJ's decision became the final decision of the Commissioner on April 23, 2013. *Id.*

Plaintiff commenced the present action on August 5, 2013, seeking review of the Commissioner's decision. Compl. (Doc. 2). On February 21, 2014, the Commissioner filed an answer and moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. R&R at 3; Comm'r's Mot. (Doc. 16); Comm'r's Mem. L. (Doc. 17) at 1. On July 31, 2014, Plaintiff filed an Affirmation in Opposition to the Commissioner's motion. Pl.'s Aff. (Doc. 20). Judge Cott issued his R&R on October 16, 2014, recommending that the Commissioner's motion be granted. R&R at 14.

In the R&R, Judge Cott reviewed the Commissioner's determination of Plaintiff's disability status under a "sequential, five-step inquiry," *id.* at 9 (citing *Cichocki v. Astrue*, 729 F.3d 172, 173 n.1 (2d Cir. 2013)), with step one being an examination of "whether the claimant is presently engaged in substantial gainful activity." *Id.* (citing 20 C.F.R. § 416.920(a)(4)(i)). Regardless of a claimant's medical condition, age, education, or work experience, Judge Cott noted, the Commissioner must find that a claimant is *not* disabled if she is engaged in substantial gainful activity. *Id.* "Substantial gainful activity" includes "any work, whether full or part-time, that is both substantial, in that it 'involves doing significant physical or mental activities,' and gainful, *i.e.*, 'the kind of work usually done for pay or profit, whether or not a profit is realized.'" *Id.* at 10 (citing 20 C.F.R. § 416.972)). At step one, it is a claimant's burden to prove that he or she is not engaged in substantial gainful activity. *See Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005) ("The claimant bears the burden of proving his or her case at steps one through four . . . ."). If the claimant cannot do so,

the Commissioner need not conduct steps two through five of the sequential analysis.  R&R at 9-10 (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

After scrupulously considering the record of Plaintiff's hearing before and submissions to the ALJ, Judge Cott found substantial evidence to credit the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act, because she had engaged in substantial gainful activity during 2010 and 2011 and could not demonstrate "any continuous twelve-month period following the filing of her SSI application in 2010 during which [she] did not work," as required by statute.  *Id.* at 11-13 (citing Administrative Record (Doc. 11) at 21-22).  Because Plaintiff had not met her burden of establishing that she was not engaged in substantial gainful activity, Judge Cott approved the ALJ's determination that Plaintiff was not disabled and stated that the Court "need not conduct any additional inquiry into the nature of [her] alleged impairments."  *Id.* at 13.  The R&R concluded with Judge Cott's invitation to Plaintiff to "submit a new application or seek assistance from a social services agency" if she "has reason to believe she is now eligible for benefits because her circumstances have changed."  *Id.* at 14.  Finally, he noted that objections, if any, would be due by November 3, 2014 and that failure to timely object would preclude later appellate review of any order of judgment entered.  *Id*.

On October 28, 2014, Plaintiff timely filed her objections, which consist of a paragraph explaining her disagreement with Judge Cott's R&R.  Doc. 22.  It reads in its entirety:

> I disagree with the Report and Recommendation because I am sick and disabled.  Now I am on therapy for my right leg.  I am in pain and [it's] very hard for me to walk.  I am on therapy for 3 days a week.  Taking a lot of medication for diabetes, depression, and the pain I have on my leg, neck, and lower back.  Please Judge reconsider my case and let me know what is going to happen.  I really need the help because I am not working.  I am depending on people to help me in my daily activities.  Please give me some help because I am not able to work.

Doc. 22 at 1.  Attached to her statement of objections, Plaintiff provided several documents, including her Rite Aid Pharmacy patient history for the period from October 29, 2013 to October 28, 2014; doctors' notes dated October 16 and October 21, 2014; a medical prescription dated October 16, 2014; the report of a urine specimen test dated October 24, 2014; and a brief record documenting a visit to the Montefiore Medical Center Emergency Department on October 13, 2014.  *Id.* at 3-25.

## II.     STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (quoting *Arthur v. Goord*, No. 07 Civ. 326 (DLC), 2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008)).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. DISCUSSION

Both the ALJ and Judge Cott reached their determinations regarding Plaintiff's ineligibility for SSI benefits based on their findings that Plaintiff was engaged in substantial gainful activity. Plaintiff does not meaningfully contest these findings in her objections. Doc. 22. Although Plaintiff declares, perfunctorily, that she is not *currently* working, she nowhere addresses the ALJ's decisive determinations—that she was engaged in substantial gainful activity at the time when her application was filed, and that she was unable to demonstrate any continuous twelve-month period of unemployment. *Id.* at 1.

Therefore, the Court determines that Plaintiff's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition," and accordingly reviews the R&R only for clear error. *Ortiz*, 558 F. Supp. 2d at 451. Having so reviewed Judge Cott's thorough R&R, the Court finds no error, clear or otherwise. Rather, Judge Cott reached his determination after a careful review of the parties' submissions and the administrative record. Doc. 21 at 1-14. The Court therefore ADOPTS Judge Cott's recommended judgment regarding the Commissioner's motion for judgment on the pleadings for the reasons stated in the R&R and REFERS back to Judge Cott future applications, if any are filed.

It is SO ORDERED.

Dated:   March 30, 2015
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

5